Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 2515 | **DATE** | 12/13/2000 |
| **CASE TITLE** | Bernadette Glover vs. The Village of Oak Lawn, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 1/4/01 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss [2] is granted in part, denied in part. A status hearing is set for 1/4/01 at 9:30 A.M.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | DEC 14 2000 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 7 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | DEC 14 2000 date mailed notice | |
| | RJ courtroom deputy's initials | FILED FOR DOCKETING 00 DEC 14 AM 7:24 Date/time received in central Clerk's Office | mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BERNADETTE GLOVER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 2515 |
| v. | ) | |
| | ) | |
| THE VILLAGE OF OAK LAWN, et al. | ) | Judg Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

DOCKETED
DEC 14 2000

## MEMORANDUM OPINION AND ORDER

Plaintiff Bernadette Glover has filed suit against the Village of Oak Lawn, the Oak Lawn Police Department, and Daniel Pikowitz individually and in his official capacity. Glover originally filed her complaint in state court, but the defendants subsequently removed the action to this court. Glover's complaint alleges four claims against all of these defendants: 1) unlawful seizure, 2) false arrest, 3) "individual dignity" under the Illinois Constitution, and 4) recovery under 42 U.S.C. § 1983 and § 1985 for violations of the U.S. Constitution. Defendants have moved to dismiss Glover's complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendants' motion is granted in part, denied in part.

## Background

The facts that follow are taken from Bernadette Glover's complaint, and are assumed to be true for the purposes of the present motion to dismiss. On March 20, 1999, Glover was stopped by Daniel Pikowitz, an Oak Lawn police officer, while driving near the Village of Oak

Lawn. Glover claims that she had not committed any traffic violation while driving in the area that day. Pikowitz ordered Glover out of the car, and pointed his service weapon at Glover. Pikowitz then took Glover's purse, pushed Glover over the trunk of her car, and handcuffed her. Pikowitz conducted a search of the interior of Glover's car. After the search, Pikowitz took Glover to the Oak Lawn Police Department without ever advising Glover of the nature of the conduct leading to the arrest. Pikowitz also refused to give Glover her inhaler upon request, and gave it to her only when she was "unable to breathe," causing Glover to suffer an asthmatic attack which required the attention of paramedics. (Compl. ¶¶ 27, 28). Glover also asserts that Pikowitz or "other agents employed by Oak Lawn" removed $450 from Glover's purse without conducting an inventory of the contents. (Compl. ¶ 30). Pikowitz then issued several traffic citations to Glover, including citations for speeding, fleeing, failing to provide proof of insurance, and disobeying traffic signals. Glover alleges that none of these citations were justified. Glover further alleges that the citations were merely "subterfuge to allow [Pikowitz] the opportunity to carry out the 'policy' to deter 'people of color' from using the streets and highways in and adjacent to Oak Lawn." (Compl. ¶ 36). This policy, Glover alleges, was "routinely disseminated by superiors to the police officers" and was "routinely discussed and carried out by officers . . . while on and off duty." (Compl. ¶ 37). Glover subsequently filed suit against Pikowitz, the Village of Oak Lawn, and the Oak Lawn Police Department.

## Analysis

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A court

should dismiss a claim only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint." *Cook v. Winfrey*, 141 F.3d 322, 327 (7th Cir. 1998) (citations omitted). The court must accept all well-pleaded factual allegations in the light most favorable to the plaintiff. *Colfax Corp. v. Illinois State Toll Highway Auth.*, 79 F.3d 631, 632 (7th Cir. 1996).

*Oak Lawn Police Department*

Defendants' first argument is that Counts I-III should be dismissed because they name the Oak Lawn Police Department, a nonsuable entity, as a defendant.[1] Glover concedes that if the Department is not a separate entity from the Village, it would not be subject to suit. (Pl.'s Resp. at 1-2); *Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 780-81 (N.D. Ill. 1998); *Reese v. Chicago Police Dep't*, 602 F. Supp. 441, 443 (N.D. Ill. 1984). Glover, however, maintains that "Oak Lawn Police Department" properly describes unknown police officers who are vested with the command, control, and management of other Village officers. (Pl.'s Resp. at 2). The court disagrees. Glover has named the Department, not unknown officers, as a defendant. Regardless of what Glover meant by naming the Department, the fact remains that the Department is not legally distinct from the Village, and therefore is not separately suable. In any event, claims against unknown officers are "meaningless and uncompensable." *See Collier v. Rodriguez*, No. 96 C 0023, 1996 WL 535326, at *4 (N.D. Ill. Sep. 18, 1996). All claims against the Oak Lawn

---

[1] Defendants apparently seek dismissal of Counts I-III as to all defendants, not just the Department. The arguments defendants raise in Part I of their Motion to Dismiss, however, pertain only to the dismissal of the Department as a defendant. Thus, the motion to dismiss Counts I-III is granted only as to the Oak Lawn Police Department.

Police Department, including the federal claims against the Department in Count IV of Glover's complaint, are accordingly dismissed. Counts I-III are dismissed only as to the Department.

*Municipal Liability*

Defendants next argue that Glover's complaint fails to allege a municipal policy under *Monell v. Department of Soc. Servs. of the City of New York*, 436 U.S. 658, 690-91 (1978). To recover against a municipality or local government unit under § 1983 for constitutional violations, a plaintiff must show that the violations resulted from either 1) an "express policy," 2) a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law," or 3) "the actions of a person with final policymaking authority." *Looper Maintenance Serv. v. city of Indianapolis*, 197 F.3d 908, 912 (7th Cir. 1999) (internal quotation marks and citation omitted).

Glover alleges that it was an express policy of the Village of Oak Lawn and its police department to "stop, detain, search, and issue traffic tickets to individuals traveling on the streets and highways in Oak Lawn and adjacent communities on the basis of race without sufficient cause and justification for the express purpose of deterring African Americans and Hispanic Americans . . . from traveling through Oak Lawn." (Compl. ¶ 8). Defendants maintain that this allegation is insufficient to state a claim, because it is conclusory and unsupported by factual allegations. (Mtn. to Dismiss at 4-7). Defendants rely heavily on *McTigue v. City of Chicago*, 60 F.3d 381 (7th Cir. 1995), *Doherty v. City of Chicago*, 75 F.3d 318 (7th Cir. 1996), and *Strauss v. City of Chicago*, 760 F.2d 765 (7th Cir. 1985) for the proposition that a plaintiff alleging a *Monell* claim of municipal custom or policy must allege some facts to support conclusory

4

allegations. Although there is language in each of these cases supporting defendants' position, the court believes that the Seventh Circuit's more recent decision in *McCormick v. City of Chicago*, 230 F.3d 319 (7th Cir. 2000), controls this case.

In *McCormick*, the Seventh Circuit held that conclusory language in the complaint alleging that decisions were made by the "highest policymaking officers" or that there was a "widespread custom" was enough to support a *Monell* claim. *See McCormick*, 230 F.3d at 324-25. The court in *McCormick* stressed that the Federal Rules of Civil Procedure only require notice pleading, and that the U.S. Supreme Court's decision in *Leatherman v. Tarrant County Narcotics Intelligence and Coord. Unit*, 507 U.S. 163, 164-69 (1993) confirmed that there is no heightened standard of pleading for § 1983 cases. *See McCormick*, 230 F.3d at 323-25. The court also distinguished cases such as *McTigue*, noting that in those cases where dismissal was affirmed, "the plaintiffs left out facts necessary to give the defendants a complete understanding of the claims made against them." *Id.* at 325.[2]

In the present case, Glover has alleged the facts of the March 20, 1999 incident in great detail. Glover has also described the nature of the Village's policy that she alleges caused that incident. (Compl. ¶¶ 8, 36-38). Glover specifically alleges that it was the policy of the Village's police department to make traffic stops and searches and issue citations in order to keep "people of color" from driving in or around the Village. (Compl. ¶¶ 8, 36). She also alleges that this policy was disseminated by superiors to officers and frequently discussed among the officers.

---

[2]Insofar as cases such as *Strauss*, decided before *Leatherman*, require more than notice pleading to state a claim of municipal policy, their holdings do not survive the Supreme Court's decision in *Leatherman*. *See Leatherman*, 507 U.S. at 168-69.

(Compl. ¶ 37). These allegations are sufficient to give the defendants a complete understanding of the nature of the claims against them, so that they can frame an answer in accordance with Federal Rule 8(b).[3] Thus, Glover has adequately pled a municipal policy under *Monell*.

*Civil Conspiracy*

Defendants' final argument is that Glover fails to adequately allege a § 1983 claim of civil conspiracy in Count IV. Defendants contend that in order for Glover to state a claim for conspiracy, she "must plead conspiracy in some detail and provide some factual basis supporting the existence of a conspiracy." (Mtn. to Dismiss at 8). Further, the defendants assert that "there must . . . be factual allegations suggesting a 'meeting of the minds.'" (Mtn. to Dismiss at 8) (quoting *Kunik v. Racine County*, 946 F.2d 1574, 1580 (7th Cir. 1991)). Defendants rely primarily on three Seventh Circuit cases to support their contentions: *Kunik*, 946 F.2d at 1580, *Tarkowski v. Robert Bartlett Realty Co.*, 644 F.2d 1204, 1206-07 (7th Cir. 1980), and *Young v. Murphy*, 90 F.3d 1225, 1233 n.5 (7th Cir. 1996). Two of these three cases were decided before the Supreme Court's decision in *Leatherman*. The third case, *Young*, is of questionable continuing validity, because it fails to mention *Leatherman* and relies on cases decided before *Leatherman*. See *Starling v. Chicago Police Officers*, No. 98 C 7900, 2000 WL 1036301, at *5 n.5 (N.D. Ill. Jul. 21, 2000); *see also Northen v. City of Chicago*, No. 93 C 7013, 1999 WL

---

[3]The court is mindful that the plaintiff in *McCormick* was proceeding *pro se*, and that his complaint was therefore given a more liberal construction than a plaintiff represented by counsel. See *McCormick*, 230 F.3d at 325. Nonetheless, the liberal notice pleading requirements of the Federal Rules apply to all plaintiffs, whether represented by counsel or not. Thus, the court concludes that Glover's complaint is sufficient to put the defendants on notice of the nature of the claims against them.

342441, at *4 (N.D. Ill. May 17, 1999) (stating that *Kunik*'s requirement of factual pleading for § 1983 claims did not survive *Leatherman*); *Williams v. Jones*, No. 95 C 6263, 1996 WL 420310, at *4 (N.D. Ill. Jul. 25, 1996) (holding that there are no heightened pleading requirements for § 1983 conspiracy claims after *Leatherman*). Contrary to defendants' contentions, all that is required of a plaintiff seeking to allege a claim under § 1983 is a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Williams*, 1996 WL 420310 at *4 (citation omitted).

To establish a § 1983 claim under a conspiracy theory, a plaintiff must show that: "1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, . . . and 2) those individual(s) were 'willful participant[s] in joint activity with the State or its agents.'" *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)) (alteration in original). Glover has adequately stated a claim of conspiracy under § 1983. In paragraph 60, Glover alleges that officer Pikowitz conspired with other, unknown officers and Village officials to deprive Glover of her constitutional rights in accordance with the policy of stopping, searching, and issuing traffic citations to people of color. (Compl. ¶ 60). This short and plain statement is sufficient to put defendants on notice of the conspiracy claim, and provides them with an understanding of the nature of the claim necessary to craft an answer.[4] Thus, Glover has adequately pled a claim of

---

[4]Defendants contend that Glover's claim is nonetheless insufficient because only Pikowitz is identified, and a conspiracy requires more than one participant. (Mtn. to Dismiss at 9). Defendants, however, overlook Glover's allegation that Pikowitz conspired with other unknown officers and Village officials. (Compl. ¶ 60). Courts have recognized valid claims of conspiracy where a plaintiff alleges that a defendant has conspired with other unknown individuals. *See, e.g., Matyszczyk v. City of Chicago*, No. 91 C 4323, 1991 WL 202650, at *5 (N.D. Ill. Sep. 30, 1991).

conspiracy under § 1983.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss is granted only insofar as it seeks to dismiss the Oak Lawn Police Department as defendants. The defendants' motion is denied in all other respects.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED: December 13, 2000